# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOE CRUZ,

       Plaintiff,

      v.                                                                                     No. CIV-09-335 WJ/LFG

JOSE CARRASCO, Individually
and in his Official Capacity
as an Officer of the Albuquerque Police
Department; SHAWN HANCOCK, Individually
and in his Official Capacity as an Officer
of the Albuquerque Police Department;

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART and DENYING IN PART DEFENDANT'S CARRASCO'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EXHIBITS PERTAINING TO THE MOTION TO SUPPRESS IN THE UNDERLYING FEDERAL CRIMINAL PROCEEDINGS

THIS MATTER comes before the Court upon Defendant Carrasco's Motion in Limine to Exclude Testimony and Exhibits Pertaining to the Motion to Suppress in the Underlying Federal Criminal Proceeding, filed October 25, 2010 **(Doc. 78)**.  Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and is granted with regard to U.S. District Judge Vázquez' findings regarding credibility of the witnesses in her Memorandum Opinion and Order dated March 31, 2007.  The motion is denied with regard to Defendant's request to exclude the transcript of the criminal suppression hearing in the underlying criminal case.

## Discussion

Defendant moves to suppress two exhibits listed on Plaintiff's exhibit list submitted for

trial in this case. Doc. 60. Exhibit Number 2 is the federal court hearing transcript on the motion to suppress evidence in the underlying criminal case, *U.S. v. Cruz*, No. 05-CR-1485 MV, dated November 17 and 21, 2006. Exhibit Number 3 is the Memorandum Order in *U.S. v. Cruz* which is dated March 13, 2007.[1]

**I.   Memorandum Opinion and Order Dated March 13, 2007**.

On November 21, 2006, a suppression hearing was held before Judge Vázquez in the criminal case which resulted from Plaintiff's arrest. *See U.S. v. Cruz*, No. 05-CR-1485 MV. In her Memorandum Opinion and Order (Doc. 75 in No. 05-CR-1485) Judge Vázquez suppressed all the evidence discovered by the police, and the criminal case was dismissed without prejudice. In coming to her conclusion, Judge Vázquez found the testimony of Defendant Carrasco not to be credible.

In the civil case which was subsequently filed, Plaintiff filed a motion for summary judgment, in which he contended that Judge Vázquez' findings in the criminal suppression hearing entitled him to summary judgment in the instant civil case. While I took judicial notice of Judge Vázquez's rulings in her Memorandum Opinion and Order which granted Mr. Cruz' motion to suppress in the criminal case, I found that Judge Vázquez's findings regarding credibility in the criminal proceeding did not have preclusive effect in this civil lawsuit, and that there existed a material factual dispute regarding whether Defendant Carrasco had legal justification to conduct a pat down search of Plaintiff. Doc. 59 at 17.

It would seem only fair that if Judge Vázquez' findings come in, so should this Court's

---

[1] In the response, Plaintiff contends that the Defendant appears to argue for the admissibility of the transcript to the state court bond forfeiture hearing (*see* Ex. 3 to Response) which is also listed by Plaintiff as a trial exhibit. Defendant's motion does not seek to exclude this exhibit, and the Court makes no findings on the admissibility of any portion of that exhibit.

determination that those findings are not relevant to the civil proceeding – but Plaintiff has not included the Memorandum Opinion and Order denying him summary judgment on his exhibit list.  However, neither will be admitted.  There is no question but that Judge Vázquez' findings should be excluded in this civil lawsuit.   First, Plaintiff's argument ignores this Court's statement in the Memorandum Opinion and Order which denied Plaintiff's  motion for summary judgment, in which I stated that my findings would be "written on the proverbial clean slate."  Doc. 59 at 11.  Plaintiff assumes that the findings which I expressly found not to be relevant to this civil case have suddenly become relevant – and this is somewhat perplexing.

Judge Vázquez' findings on Defendant's credibility would confuse the jury, who are obligated to hear the testimony, see the evidence, and make the ultimate determinations on credibility.  *See Bisbee v. Bey*, 39 F.3d 1096, 1101 (10th Cir. 1994) (questions of credibility should be decided by the jury).  Rule 403 of the Federal Rules of Evidence permits the trial court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or is misleading to the jury.  In this case, I find that Judge Vázquez' findings in the criminal suppression hearing introduces evidence that not only is irrelevant and confusing, but is unfairly prejudicial to Defendant Carrasco.

Accordingly, Defendant's motion is granted in that Plaintiff is prohibited from bringing before the jury: attorney argument, witness testimony, and/or exhibits which relate to, discuss, mention or pertain to Judge Vasquez' findings with regard to Defendant's credibility as well as issues of probable cause and reasonable suspicion.

## II.     Federal Court Transcript

Defendant Carrasco also seeks to exclude the federal court transcript of the criminal suppression hearing, during which Defendant testified.  Plaintiff seeks to admit the transcript to

attack Defendant's credibility where Defendant gave inconsistent statements.

Defendant's position is shaky. The federal rules of evidence provide a basis to admit statements made by Defendant Carrasco. Under Fed.R.Evid. 801(d)(1)(A) provides:

> A statement is not hearsay if . . . [t]he declarant testifies at the trial . . . and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding. . . ."

Thus, Fed.R.Evid. 801(d)(1)(A) allows the admission of Defendant's prior statements as long as those statements comply with the requirements of Rule 801(d)(1). *See U.S. v. DiSantis*, 565 F.3d 354, 360 (7th Cir. 2009) (prior inconsistent statements are admissible as non-hearsay, substantive evidence only if "subject to cross-examination" and "given under oath."). To begin with, the statements must be inconsistent. *See* U.S. v. Lopez-Lopez 282 F.3d 1, 17 (1st Cir. 2002) (defendants on trial for drug charges were not entitled to have jury instructed that alleged prior inconsistent statement made by police officer could be used as substantive evidence, where police officer adopted his allegedly inconsistent suppression hearing testimony at trial).

The Court's ruling herein should not be interpreted as a wholesale admission of the federal transcript. Only those portions which satisfy the requirements of Rule 801(d)(1)(A) will be considered for admission at trial, at the Court's discretion. *See U.S. v. Matlock*, 109 F.3d 1313, 1319 (8th Cir. 1997) (district court has considerable discretion in determining whether prior statements under oath are inconsistent with trial testimony so as not to be considered hearsay under Rule 801(d)(1)).

Plaintiff also contends that Defendant Carrasco's prior sworn statements are admissible under Rule 404(b) to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Plaintiff argues that Defendant's failure to give truthful

testimony in the criminal proceedings support a conclusion that he intended to violate Plaintiff's rights. The Court rejects Rule 404(b) as a basis for admission of Defendant's prior sworn statements. This argument assumes that Defendant's testimony is not credible. Also, the issue of Defendant's credibility in this situation does not fit the contours of Rule 404(b) admissibility. As a result, my ruling on the admissibility of the criminal suppression transcript is based on Fed.R.Evid. 801(d)(1)(A) only.

### III.     Notifying Jury of Dismissal of Criminal Case

Plaintiff contends that the jury should be notified that the case against him was dismissed. Plaintiff's request is not unreasonable. Plaintiff is pursuing a malicious prosecution claim in this case, which requires as an element that the original action terminated in his favor. The fact that the charges against Plaintiff were dismissed would appear to be consistent with evidence that Plaintiff is required to present for this claim. *See Novitsky v. City Of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007) (listing elements for malicious prosecution claim).

However, Defendant's motion does not seek to exclude evidence that the criminal case against Plaintiff was dismissed. In fact, Defendant's proposed jury instruction for malicious prosecution lists termination of the original action in favor of Plaintiff as an element of the claim. Doc. 76 at 7. Thus, because parties seem to be in agreement on whether the jury should be notified that the underlying criminal case against Plaintiff was dismissed, the Court need not rule on this issue.

### Conclusion

In sum, I find and conclude that Defendant's motion is granted in that Plaintiff is prohibited from bringing before the jury: attorney argument, witness testimony, and/or exhibits which relate to, discuss, mention or pertain to Judge Vasquez' findings with regard to probable

cause and reasonable suspicion.

Further, any prior inconsistent statements of Defendant Carrasco made during the criminal suppression hearing may be used for impeachment purposes, subject to meeting the requirements of Fed.R.Evid. 801(d)(1)(A).

**IT IS ORDERED** that Defendant Carrasco's Motion in Limine to Exclude Testimony and Exhibits Pertaining to the Motion to Suppress in the Underlying Federal Criminal Proceeding, filed October 25, 2010 **(Doc. 78)** is hereby GRANTED IN PART and DENIED IN PART in that:

- Defendant's motion is GRANTED with regard to Judge Vázquez' findings in her Memorandum Opinion and Order dated March 31, 2007, for reasons described in this Memorandum Opinion and Order;

- Defendant's motion is DENIED with regard to Defendant's request to exclude the transcript of the criminal suppression hearing in the underlying criminal case, for reasons (and under conditions) described in the above Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE