IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE CRUZ,

       Plaintiff,

       v.                                                     No. 09-CV-335 WJ/LFG

JOSE CARRASCO, Individually
and in his Official Capacity
as an Officer of the Albuquerque Police
Department; SHAWN HANCOCK, Individually
and in his Official Capacity as an Officer
of the Albuquerque Police Department;

       Defendants.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF DISTRICT COURT JUDGE

THIS MATTER comes before the Court on Plaintiff's Motion for Disqualification of District Court Judge, filed October 28, 2010 (**Doc. 87**). Having considered Plaintiff's brief and the applicable law, I find that no response is necessary and that Plaintiff's motion shall be denied.

### Background

The above-captioned case is set to begin trial on Monday, November 8, 2010. Plaintiff's attorney Dennis Montoya states that he has informed his client that the undersigned has shown bias against him in the past. He requests recusal of the undersigned on the grounds that such bias threatens to prejudice Plaintiff's case. Plaintiff asserts that I have exhibited a pattern of ill-will and bias toward Mr. Montoya from 2002, referring to three cases over which I have presided: *Nestor Chávez vs. City of Albuquerque*, No. 00-CV-307 WJ/LAM, in which Mr.

Montoya represented the Plaintiff; *U.S. v. Summers*, No. 03-CR-569 WJ (on appeal, *U.S. v. Summers*, 414 F.3d 1287 (10th Cir. 2005)) in which Mr. Montoya represented the criminal defendant; and *Doris Lujan v. Bernalillo County*, No. 08-CV-1125 WJ/DJS, where Mr. Montoya represented the plaintiffs.

## Discussion

The Court denies the motion on its merits. I also find that the timeliness of the motion and accompanying affidavit bears close scrutiny.

**I.    Recusal Statute**

28 U.S.C. § 455(a) requires the recusal of a federal judge "in any proceeding in which his impartiality might reasonably be questioned." The current version of Section 455 was adopted in 1974 to clarify and broaden the grounds for judicial disqualification. *Liljeberg v. Health Services Acquisition Corp*., 486 U.S. 847, 858 n.7 (1988). The general language of subsection (a) was designed to promote public confidence in the integrity of the judicial process by replacing the subjective 'in his opinion' standard [of the prior version of the statute] with an objective test. *Id*. (citing S. Rep. No. 93-419, at 5; H. R. Rep. No. 93-1453, at 5).[1] Subsection (b) of the statute contains a list of specific situations in which the judge is required to recuse, including "bias or prejudice" and "interest or relationship" grounds.[2]

---

[1] Prior to the 1974 amendments, § 455 simply provided: "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein." 28 U.S.C. § 455 (1970 ed.).

[2] The "bias or prejudice" grounds for recusal, as incorporated from 28 U.S.C. § 144, are articulated as "where [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The "interest or relationship" grounds for recusal are "spelled out in detail" at 28 U.S.C. § 455(b)(2)-

The new subsection (b) of §455 incorporated the "bias and prejudice" basis for recusal from an older version of the Judicial Code, 28 U.S.C. § 144, and "spelled out in detail the 'interest' and ' relationship' grounds of recusal that had previously been covered by [the old version of] § 455." *Liteky v. United States*, 510 U.S. 540, 548 (1994):

> Subsection (a), the provision at issue here, was an entirely new "catchall" recusal provision, covering both "interest or relationship" and "bias or prejudice" grounds, . . . but requiring them *all* to be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance.

*Id*.; *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (standard under § 455(a) is purely objective). Thus, the § 455(a) inquiry is whether a reasonable person, having knowledge of all the circumstances, would believe that one or more of the "bias or prejudice" or "interest or relationship" grounds for recusal is applicable.

Recusal is required whenever "impartiality might reasonably be questioned." *U.S. v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). If the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal. *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). The *Nichols* Court further elaborated on §455(a):

> Having stated what §455(a) is intended to accomplish and the standards for analyzing a recusal motion under that statute, we now note the cautions that must accompany our analysis. The statute "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Neither is the statute intended to bestow veto power over judges or to be used as a judge shopping device. Further, we are mindful that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts

---

(5). Liteky v. United States, 510 U.S. 540, 548 (1994). These grounds include where the judge has previously been a lawyer or material witness in the matter, or expressed an opinion about its merits; where the judge or a person within the third degree of relationship has an interest in the subject matter in controversy; and where the judge or person with the third degree of relationship is likely to be a material witness in the proceeding. 28 U.S.C. § 455(b)(2)-(5).

require.

*Nichols*, 71 F.3d at 351 (other citations omitted).

Federal law is clear that a motion for recusal must be decided by the judge whose recusal is requested. *See U. S. v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir.1985) ("§ 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge"); *U.S. v. Champlin*, 388 F.Supp.2d 1177 (D.Hawaii, 2005) (§ 455 is addressed to the judge whose recusal is in question and demands that the judge decide for him or herself whether to recuse); *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir. 1975), *cert. denied* , 425 U.S. 944 (1976) (§ 455 is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge); *see, e.g., Nicodemus v. Chrysler Corp.*, 596 F.2d 152, 157 & n.10 (6th Cir. 1979) (§ 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under § 455, that judge has a duty to recuse himself or herself). Accordingly, I must decide whether a reasonable person might reasonably question my ability to be impartial in discharging my duties as the presiding judge in this case.

**II.   The Court Finds No Basis for Recusal**

Most of the grounds raised by Attorney Montoya are identical to those he presented as grounds for recusal in another case, which were rejected. To the extent Mr. Montoya asserts new grounds for bias, those are rejected as well, for the following reasons.

A.   <u>*Nestor Chávez vs. City of Albuquerque* and *U.S. v. Summers*</u>

Attorney Montoya sought recusal of the undersigned in *Doe et rel. Hughes v. Martinez et al*, 09-CV-104 WJ/WPL (D.N.M. filed Feb. 4, 2009), in which Mr. Montoya represented Defendant Isaac Martinez, on exactly the same grounds as which he now relies. In *Doe*, Isaac

Martinez was one of several defendants sued by Plaintiffs in Maricopa County Superior Court in Arizona over an alleged sexual assault by Isaac Martinez against Jane Doe, a minor child. The state court complaint alleged that all the Plaintiffs and Defendant Martinez were Arizona residents.

Attorney Montoya on behalf of Isaac Martinez removed the Arizona state court case to federal court except that instead of removing the Arizona case to the U.S. District Court for the District of Arizona as required by 28 U.S.C. § 1441(a), Attorney Montoya filed the Notice of Removal in the U.S. District Court for the District of New Mexico. Thus, Attorney Montoya removed a case from state court in Arizona to federal court in New Mexico, and then Attorney Montoya filed a response in opposition to the motion to remand arguing removal to New Mexico was proper. I promptly granted the motion to remand and sent the case back to Arizona state court and awarded attorneys fees against Attorney Montoya for wrongful removal. *See Doe ex rel. Hughes v. Martinez,* 674 F.Supp.2d 1282 (D.N.M. 2009) (Doc. 24 in 09-CV-104). Attorney Montoya then sought to have me reconsider the Removal Order and sought my recusal on the basis of judicial bias. *See* Doc. 28. I denied the motion for reconsideration and declined to recuse myself from the case. *See* Doc. 34. Interestingly, in the previous motion for recusal, Attorney Montoya sought my recusal citing *Nestor Chavez v. City of Albuquerque*, and *U.S. v. Summers*, two cases upon which Attorney Montoya once again cites in his most current motion for recusal.

Since the Order denying the motion for recusal filed in the *Doe v. Martinez* case contains a detailed analysis why recusal was not warranted in the previous matter, I will not restate again what was previously stated in detail. However, a brief summary of the *Nestor Chavez* and *Summers* cases is helpful to understand why I am not recusing in the instant case.

*Nestor Chavez v. City of Albuquerque, et al*, was a § 1983 case against the City of Albuquerque and several officers of the Albuquerque Police Department.  Mr. Chavez claimed, among other things, that excessive force was used against him when the police deployed a K-9 service dog against Mr. Chavez.  During trial and on cross-examination of Mr. Chavez, he admitted that he lied under oath during his pretrial deposition.  The jury returned a $1.00 verdict in favor of Mr. Chavez and Defendants subsequently filed various post-trial motions including a motion for award of attorney fees against Attorney Montoya as a result of his client perjuring himself during his pretrial deposition.  While I denied the motion for sanctions against Attorney Montoya, I did set aside the $1.00 verdict in favor of the Plaintiff based on his admission under oath at trial that he lied while being deposed.  An appeal followed and the Tenth Circuit affirmed the decisions I made in the case including my setting aside the $1.00 jury verdict in favor of Plaintiff.  *See* 00-CV-307-WJ-LAM, Doc. 170*; see also Chavez v. City of Albuquerque*, 402 F.3d 1039 (10th Cir. 2005).

It has been my experience that if the circuit judges on the Tenth Circuit believe I have committed error, they are not shy about letting me know.  Consequently, since the decisions I made in the Nestor Chavez case were affirmed on appeal, I fail to see any judicial bias on my part.  In fact, if there was any judicial bias on my part, it was in favor of Attorney Montoya in that I denied Defendants' request that their attorney fees be assessed against Attorney Montoya.

As for *U.S. v. Summers*, Attorney Montoya represented Gene Allen Summers, who was charged by grand jury indictment with being an accomplice to bank robbery.  Shortly before the trial date, Attorney Montoya and his client, Mr. Summers, appeared before me on a change of plea hearing at which Mr. Summers was to plead guilty to bank robbery pursuant to a plea agreement negotiated by Attorney Montoya.  One issue arose during the plea hearing and that

6

was Mr. Summers, while under oath, denied that he was involved in the bank robbery.  Since Mr. Summers denied any involvement in the bank robbery, I declined to accept a plea agreement that had Mr. Summers pleading guilty to bank robbery.  Since Mr. Montoya needed additional time to prepare for trial, I granted a continuance of the trial.  However, when the case came up for trial on the docket, I had several other cases going to trial, so Judge James Browning graciously agreed to preside over the *Summers* trial and the case was transferred from my docket to Judge Browning's docket.  The case proceeded to trial before Judge Browning and the jury found Mr. Summers and a codefendant guilty of bank robbery.  On appeal, the Tenth Circuit reversed the conviction as to Mr. Summers based on a lack of evidence to sustain the conviction.  *U.S. v. Summers*, 414 F.3d 1287 (10th Cir. 2005).

      Attorney Montoya once again seeks my recusal on the basis of judicial bias in part because of the *Summers* case.  When Attorney Montoya first raised the *Summers* case as a basis for me to recuse, I was at a complete loss to understand how the Circuit reversing Judge Browning in the *Summers* case constitutes judicial bias on my part against Attorney Montoya. I am still equally at a loss to understand this claim of judicial bias, and Attorney Montoya has done nothing this second time around to elucidate how the *Summers* case constitutes judicial bias on my part.  What I do know is that if I had accepted the plea agreement that Attorney Montoya wanted me to accept, Mr. Summers would likely be sitting in prison with a bank robbery conviction, a crime Mr. Summers denied committing.

B.     <u>*Doris Lujan v. Bernalillo County*</u>

      In *Lujan*, 08-CV-1125, this Court granted summary judgment to Defendants on all of Plaintiffs' claims, and ordered Mr. Montoya to show cause why sanctions should not be imposed *See* Doc. 44.  The Court found that Mr. Montoya had filed suit on behalf of these same Plaintiffs

in the District of New Mexico in October, 2007, in a case arising out of a strikingly similar search by the police. In the earlier case, Tenth Circuit Judge Paul Kelly, sitting by designation on the District Court of New Mexico, granted summary judgment to the defendants due to serious legal omissions and errors by Plaintiffs' counsel.  07-CV-1035. On appeal, the Tenth Circuit affirmed. *Lujan ex rel. Lujan v. County of Bernalillo*, 354 Fed. App'x 322 (10th Cir. 2009). Because I found that Mr. Montoya's arguments in 08-CV-1035 were identical to those contained in his earlier case, I ordered him to show cause why he should not be sanctioned for needless and vexatiously multiplying the proceedings in this case.  08-CV-1125, Doc. 44 at 2.

Mr. Montoya views the Court's Order to Show Cause in *Lujan* as an indication of bias toward him.  His response to the Order to Show Cause in that case contains the same arguments he presents now by way of justifying the way he proceeded in that case.  *See* 08-CV-1125, Doc. 57 (Response to Order to Show Cause).  The Court held a hearing in *Lujan* (Doc. 70), and considered each of those arguments.  *See* Court's Memorandum Opinion and Order on the Court's Order to Show Cause as to Attorney Dennis Montoya (Doc. 74).

I see no basis to disqualify myself based on the Court's decisions in the *Lujan* case.  I made the same findings regarding the deficiencies in that case as did Judge Kelly, whose findings were affirmed on appeal by the Tenth Circuit.  In the end, monetary sanctions were not imposed against Mr. Montoya; defendants in that case sought attorneys' fees, which the Court denied.  The Court, however, did forward a copy of the Court's Opinion in the *Lujan* matter to the Chief Judge of this Court as well as Chief Counsel of the Disciplinary Board for the State Bar of New Mexico.  Doc. 74 at 12-13.   I did this for two reasons.  First, because of the frequency which other judges in this district have found it necessary to sanction Mr. Montoya. *See Doe*, 09-CV-104, Doc. 34 at 15-19; *Lujan*, 08-CV-1125, Doc. 74 at 12.  Second, because of

the serious failure of Attorney Montoya to adequately represent his clients in the *Lujan* case as required by the New Mexico Rules of Professional Conduct and the Local Rules of this Court. Therefore, I find and conclude that a reasonable person would not reasonably question my ability to impartially preside over the jury trial in this case.

### III.     Timeliness of Motion and Accompanying Affidavit

Mr. Montoya has decided to seek recusal a little over a week before trial will begin in this case. [3] He cites to 28 U.S.C. § 144, which requires that the supporting affidavit "shall be filed not less than ten days before the **beginning of the term** at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." § 144 (emphasis added). As stated above, §144 is an older version of the Judicial Code. There is also some question about whether it is currently appropriate as a time limit. *See, e.g., Pomeroy v. Merritt Plaza Nursing Home, Inc.*, 760 F.2d 654 (5th Cir. 1985) (literal ten-day requirement in § 144 "no longer applies, since formal terms of court have been abolished"); *RIT Rescue & Escape Systems, Inc. v. Fire Innovations, LLC*, 2008 WL 5263694, 1 (N.D.Ohio, 2008) (phrase "beginning of the term" can no longer be applied as courts have not operated by "term" since the early 1960's). Whether or not the ten-day time limit saves Plaintiff's motion from being formally rejected as untimely, the Court looks with disfavor on a motion filed on the eve of trial, in a case that was filed a year and a half ago, and that does not give Defendants time to respond under what is normally allowed under the local rules before trial. While the Court is denying this motion on its merits, the Court cannot ignore the fact that its timeliness is suspect.

### Conclusion

---

[3] The Court notes that the Order to Show Cause in the *Lujan* case, the most recent case on which Mr. Montoya premises his allegations of bias, was issued over four months ago.

Plaintiff's concern that the undersigned will not be fair or unbiased in presiding over the trial in this case is unfounded. I harbor no particular animus toward Plaintiff's counsel, and certainly none toward any of his clients. If anything, the Court's concern is for potential clients who may have meritorious claims that may never be heard because their claims are not diligently or competently represented by counsel. The Court's consideration of sanctions, or imposition of sanctions does not by itself provide a basis for recusal in trying this case. As I stated in one of my previous Memorandum Opinion and Orders in *Doe*,

> just because a judge sanctions a lawyer under Fed. R. Civ. P. 11 or 28 U.S.C. § 1927 does not mean the judge must recuse himself in cases involving that particular lawyer. **Merely upholding the standards of the legal profession is not a basis for judicial recusal.**

No. 09-CV-104, Doc. 34 at 19 (emphasis added).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Disqualification of District Court Judge **(Doc. 87)** is hereby DENIED for reasons described in the above Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE