# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOE CRUZ,

       Plaintiff,

     v.                                                                        No. CIV-09-335 WJ/LFG

JOSE CARRASCO, in his individual
capacity,

       Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS MATTER OF LAW UNDER RULE 50(B)

THIS MATTER comes before the Court upon Plaintiff's Motion for Judgment as Matter of Law Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, filed December 1, 2010 **(Doc. 111)**. Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion is not well-taken and is denied.

### Background

Plaintiff claims that he was arrested and wrongfully incarcerated by Defendant in violation of his Fourth and Fourteenth Amendment rights. Mr. Cruz was arrested by Officer Carrasco following a pat-down search which led to Plaintiff's arrest for altering an identification card. A search of Plaintiff's car incident to his arrest revealed a loaded Keltech .32 caliber handgun with a round in the chamber; a syringe, two measuring spoons, a box containing 249 red Sudafed pills and another box containing over 350 white SU-24 [Sudafed] pills. Doc. 59 at 6. The case was tried before a jury on November 8, 2010, and the jury returned a verdict for Defendant on November 10, 2010, finding specifically that Defendant Carrasco did not unlawfully arrest Plaintiff, nor did he maliciously prosecute him. Doc. 108.

Prior to trial, Plaintiff filed a summary judgment motion in which he contended that findings made by District Judge Martha Vázquez in granting his motion to suppress in the underlying criminal case entitled him to summary judgment in this civil case.  In that Order, Judge Vázquez suppressed all evidence seized by the Government as a result of a pat-down search of Mr. Cruz' person as well as a search of his vehicle, based largely on her finding that Officer Carrasco's testimony at the suppression hearing was not credible.  Doc. 47, Ex. 1.  Judge Vázquez concluded that Mr. Cruz' detention following an initial lawful stop was justified based on the totality of the circumstances, but that the subsequent investigation of Mr. Cruz and the passengers in Mr. Cruz' car exceeded its lawful scope.  *See* Doc. 59 at 6-7.

In denying Plaintiff's motion for summary judgment, I found that Judge Vázquez' findings in the criminal proceeding on the motion to suppress did not have preclusive effect in this lawsuit, and that Defendant has presented a material factual dispute regarding whether Officer Carrasco had no legal justification to conduct a pat down search which then uncovered evidence which led to Mr. Cruz' arrest.   In the instant motion, Plaintiff seeks to reverse the jury's findings under Rule 50(b).

## Discussion

### I. Legal Standard

Rule 50(b) sets forth:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion....[T]he movant may file a renewed motion for judgment as a matter lf law and may include an alternative or joint request for a new trial under Rule 59.

### II. Whether Plaintiff is Barred from Filing this Motion

Defendant contends that Plaintiff is precluded from seeking Judgment as a Matter of Law ("JNOV") under Rule 50(b) at this time because he did not make a motion for directed verdict

during trial under Rule 50(a).  Rule 50(b) requires that the movant have made a Rule 50(a) motion for judgment as a matter of law during trial.  *See Marshall v. Columbia Lea Regional Hosp.*, 474 F.3d 733, 738 (10th Cir. 2007) (noting that raising a particular defense in a "pre-verdict Rule 50(a) motion. . . is a prerequisite to a post-verdict motion under Rule 50(b)"); *First Sec. Bank of Beaver v. Taylor*, 964 F.2d 1053, 1057 (10th Cir. 1992)(party is precluded from relying upon grounds in JNOV motion where those grounds were not previously raised in support of the [rule 50(a)] motion for a directed verdict.).

Plaintiff argues that his Motion for Summary Judgment under Rule 56, which was denied by the Court prior to trial, satisfies Rule 50(b)'s requirements.  Plaintiff's only legal basis for this position is an unidentified Advisory Committee Note to Rule 50 which provides that the rule is not to be "rigidly applied."  Doc. 113 at 2.  However, Plaintiff's argument has no merit.  First, there is no way that even an extremely broad application of Rule 50(a) can be viewed as including Rule 56 motions.  Rule 50(a) assumes that "party has been fully heard on an issue *during a jury trial. . . .*"  A party has certainly not been fully heard at the time a summary judgment motion is made, nor is a summary judgment motion meant to be heard during trial.  *See* Rule 56(b) ("unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.") Second, an entirely different set of evidence is presented to the fact finder on a summary judgment motion than is presented at a full-blown trial on the merits.  Thus, Plaintiff's pre-trial summary judgment motion is not a Rule 50(a) motion, and Defendant is correct that Plaintiff is precluded from filing the instant motion.  *See Marshall,* 474 F.3d at 738 (10th Cir. 2007)(finding that defendant's summary judgment motion on a particular defense did not satisfy 50(a) requirement).

The motion can be denied, and is denied, on that basis alone.  As it turns out, however,

3

the motion suffers from substantive as well as procedural deficiencies which the Court finds provides an alternate basis for denial.

## II.     The Merits of Plaintiff's Rule 50(b) Motion

Plaintiff contends that Officer Carrasco did not have either probable cause or reasonable suspicion to conduct a *Terry*[1] pat-down search of Mr. Cruz, nor is Officer Carrasco able to base the pat-down search of Plaintiff on the activities of his vehicle companion.

The best way to describe Plaintiff's motion is -- to paraphrase Defendant's description-- that counsel has dusted off the arguments Plaintiff presented in his summary judgment motion and re-packaged them in a Rule 50(b) motion. For the most part, Plaintiff's Rule 50(b) motion urges the Court to reverse the jury's verdict based on Judge Vázquez' findings regarding Officer Carrasco's testimony at the suppression hearing. Plaintiff balks at Defendant's characterization of his motion,[2] stating that he has indeed made several general references to Officer Carrasco's *trial*, and these are as follows:

> At the *suppression hearing before Judge Vázquez and during trial*, Officer Carrasco tried to justify his pat-down of Plaintiff as follows. . . Officer Carrasco testified at trial that at that time he was conducting a pat-down of one of Plaintiff's companions. Officer Carrasco also demonstrated for the Court how he conducted the pat-down. It is interesting that Carrasco claims to have observed all of this "moving around" by Plaintiff while Officer Carrasco, at the same time, had his body turned completely toward Plaintiff's companion and was searching him, looking and reaching down the length of his person toward his ankles.

Doc. 111 at 4 (emphasis added).

and

> Officer Carrasco claimed *during the suppression hearing and at trial* that he became concerned for his safety and asked Plaintiff to exit the vehicle, even

---

[1] *See Terry v. Ohio*, 392 U.S. 1 (1968).

[2] It would be more than fair to say that Plaintiff's arguments rest mostly on testimony elicited at the suppression hearing and Judge Vázquez' findings motion relies on that testimony, and Plaintiff concedes as much in his motion. *See* Doc. 111 at 9, n.1.

4

> though Officer Carrasco admitted that he had left Plaintiff sitting in the vehicle unattended for approximately ten to 15 minutes. . . Specifically, Officer Carrasco testified that he was concerned because he saw Plaintiff leaning over, as if he was reaching into the center console. Officer Carrasco testified at trial and before Judge Vázquez that when he later searched the vehicle, after conducting the pat-down of Plaintiff, he found a loaded Keltech .32 caliber handgun in the center console. . . . However, this gun was never produced as evidence – not at the Suppression Hearing and not at trial.

Doc. 111 at 5 (emphasis added).

> Officer Carrasco *testified before Judge Vázquez and at trial* that he removed Plaintiff Cruz from his vehicle during the traffic stop because he was "moving around" in the vehicle while Officer Carrasco was conducting a pat-down.

Doc. 111 at 6-7 (emphasis added).

> In an effort to legitimize his actions, Officer Carrasco has repeatedly argued, including during trial, an alternative basis for probable cause to conduct a pat-down of Plaintiff – Plaintiffs' companions' "moving around" in the vehicle

Doc. 111 at 8.

The Court has carefully focused on those portions of trial testimony which Plaintiff has pointed to, and must conclude that the evidence and testimony heard by the jury provided a legally sufficient evidentiary basis for the jury's verdict.  As indicated by the Court's emphasis in the text above, the pivotal testimony on which Plaintiff bases this motion turns out to be exactly the same testimony given by Officer Carrasco at the suppression hearing.  Plaintiff does not give any cogent reason as to why the jury's verdict did not have a legally sufficient evidentiary basis – which is what is required for a Rule 50(b) motion to have any merit.  Thus, Plaintiff's argument comes down to a contention that there was an alternative to the findings made by the jury, and that alternative would have required the jury to reject Officer Carrasco's testimony as not credible.  The jury in this case was instructed on the relevant law, which included the law on officer safety, credibility, probable cause and reasonable suspicion. The fact that there may have been an alternative conclusion which the jury could have reached is not a

sufficient basis on which to grant a Rule 50(b) motion. After listening to the evidence and testimony – including Officer Carrasco's testimony – the jury concluded that there was a legal basis for the arrest, and that conclusion is necessarily premised on the legality of the pat-down search.

## Conclusion

In sum, I find and conclude that Plaintiff's motion is denied for two reasons.

First the motion is denied on procedural grounds because Plaintiff failed to move for directed verdict during trial under Rule 50(a) before filing this Rule 50(b) motion, and because Plaintiff's summary judgment motion does not satisfy Rule 50(a)'s requirements.

Second, the motion is denied on its merits. The Court has carefully focused on those portions of trial testimony which Plaintiff has pointed to, and must conclude that the evidence and testimony heard by the jury provided a legally sufficient evidentiary basis for the jury's verdict, which will stand.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Judgment as Matter of Law Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure **(Doc. 111)** is hereby DENIED for the reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

6